LONG, ADMX., APPELLANT, *v.* THE MAXWELL CO., APPELLEE.[*]

---

[*]Motion to certify the record overruled (37841), February 13, 1963.

(No. 347—Decided June 21, 1962.)

*Mr. John M. Adams,* and *Mr. Robert H. Huffer,* for appellant.

*Mr. Rudolph Janata, Jr.,* and *Mr. William H. Junk,* for appellee.

CRAWFORD, P. J. Plaintiff, appellant herein, as executrix of the estate of her deceased husband, Marion C. Long, brought action for his wrongful death in a traffic accident allegedly resulting from negligence of defendant's driver.

The evidence indicates that early on the morning of January 4, 1959, the deceased, Marion C. Long, his brother, Alvin Long, and his father, Cecil Long, were proceeding southwestwardly in a 1955 Chevrolet sedan automobile which, according to counsel on both sides, belonged to Alvin; that they were proceeding on state route No. 22 a few miles west of Washington C. H., and were approaching a curve to their right; that defendant's agent, driving a 1952 International tractor and hauling a semi-trailer and a two-axle trailer, was proceeding eastwardly toward the same curve; that the vehicles collided near the center of the highway; and that each went off the highway on its own left-hand side.

Plaintiff's decedent was found dead under the two-axle trailer; his father, Cecil, was found dead on the right side of the front seat of the Chevrolet; his brother, Alvin, still living, was found slumped over behind the steering wheel. There is substantial credible evidence that the drivers of both vehicles were negligent in a manner proximately causing or contributing to cause the collision. Defendant denies negligence, but this is not the primary issue before us.

At the conclusion of plaintiff's evidence, the court sustained defendant's motion to direct a verdict in its favor, and judgment was entered accordingly. In her present appeal therefrom, plaintiff assigns four errors.

The first assignment of error is that "The court erred in excluding the children of plaintiff's decedent from the court-room."

There were three of these children who, at the time of trial, were ten, nine and eight years of age, respectively. They were in the courtroom after the jury was impaneled. Their identity and their interest in the case appears to have been made clear to all present. In ordering them excluded the court stated that he did so in the best interests of the children themselves.

These children are in the anomalous position of being, along with their mother who is also executrix, the persons most interested in a judgment against the defendant, yet they are not actually parties to the action. Section 2125.02, Revised Code. A party in a civil case is entitled to be in the courtroom, both personally and by counsel, at all stages of the trial. 52 Ohio Jurisprudence (2d), 525, Trial, Section 44. Besides, the policy of the law requires that, with but rare exceptions, the proceedings in the court shall be open and notorious. 52 Ohio Jurisprudence (2d), 524, Trial, Section 42.

The existence and status of beneficiaries constitute an important aspect of plaintiff's cause of action.

"In order to recover damages for pecuniary loss caused by death of a person, it is necessary to prove the existence of statutory beneficiaries at the time of trial." 16 Ohio Jurisprudence (2d), 573, Death, Section 238.

In the instant case, the presence of the children in the courtroom, however brief, together with their identification before the jury, as reflected by the record, probably satisfies this requirement. If they had not been permitted to enter the courtroom at all it would have presented a more serious question.

Situations are conceivable in which the right of a particular beneficiary to participate in the distribution after recovery of a judgment for wrongful death might be affected by evidence at the trial. The exclusion from the courtroom of such a beneficiary would also present a serious question.

Generally speaking, it has been said that:

"It is within the discretion of the trial court to permit the widow and children of one for whose wrongful death action is being brought to sit within the bar and within the view of the jury during the trial." 52 Ohio Jurisprudence (2d), 526, Trial, Section 45.

Cited to this text is the case of *Cincinnati, Hamilton & Dayton Ry.* v. *Tafelski, Admr.*, 13 C. C. (N. S.), 260, 21 C. D., 643, affirmed, 83 Ohio St., 477. It was there held not to be erroneous to overrule a motion to exclude the widow and children from the courtroom. That court gave what we consider an appropriate analysis of such a problem, pointing out that in particular circumstances the presence of certain beneficiaries could be essential to the proper trial of the case, while in others the court might be justified in excluding little children whose presence could afford no special aid.

We conclude that the circumstances here justified the exercise of some discretion by the court; and that there was no abuse of that discretion.

The first assignment of error is not well taken.

The second assignment of error is in permitting a highway patrolman who arrived an estimated 18 to 20 minutes after the accident to express his opinion as to speed, point of impact, manner in which the accident occurred, and that defendant was guilty of no improper action.

This witness was called by the plaintiff and examined in chief as to facts observed by him. It was not until his cross-examination that he was asked to state his opinions. The court at first sustained an objection by plaintiff to such testimony, observing that the witness had not been qualified as an expert. Defendant thereupon endeavored to qualify him as such, and proceeded to ask for his opinions and conclusions. In response to these questions, he stated, among other things, that his report showed the defendant to be free of any improper action.

When one party produces a witness as to facts alone, it is, in our opinion, erroneous to permit the other party to qualify and cross-examine such witness as an expert. To do so is to alter the capacity and the very character of his testimony. Plaintiff, not having vouched for the expertness of her witness, ought not to be bound by his expert opinions. Defendant may, if he chooses, call and qualify such a person as its own expert witness, and must then assume responsibility for him in that capacity and permit plaintiff to cross-examine him as such.

Furthermore, some of the opinions obtained from this witness, even if otherwise admissible, infringed upon the prerogative of the jury.

The case of *Clark* v. *Hiatt*, 105 Ohio App., 402, is cited in justification of the admission of such testimony. In that case, an engineer made measurements and mathematical calculations, as to which he testified; and a highway patrolman, after being called and qualified as an expert by the plaintiff, was permitted to give his opinion as to defendant's speed based upon the physical facts which he found at the scene of the accident. In the instant case, the plaintiff's witness, whom defendant on cross-examination first attempted to qualify as an expert, after testifying that in addition to his observations he conferred with two eyewitnesses, was then permitted to state his opinion that the defendant was without fault. The admission of such testimoney was, in our opinion, prejudicially erroneous.

Defendant argues that even if this was error, it was not prejudicial, in view of the fact that the case never reached the jury, inasmuch as the court directed a verdict for the defendant on the theory that plaintiff had not removed a presumption of her decedent's negligence.

The entry sustaining the motion to direct the verdict does not state the basis for the ruling. This inadmissible evidence, although not before the jury, was nevertheless before the court. If the record had shown that as a matter of law the defendant was without fault, directing a verdict in its favor would have been justified on that basis alone, regardless of the reason given in the opinion. Hence, the issue of defendant's negligence was actually before the court. Admission of this improper evidence may not be excused on the theory that it was not considered.

The third assignment of error is the court's refusal to order a mistrial because of this erroneous admission of evidence.

Whether or not the prejudicial effect of this inadmissible evidence could have been removed, the court made no effort to remove it. Refusal to grant a mistrial was, therefore, prejudicially erroneous.

The fourth assignment of error is the directing of a verdict for defendant at the close of plaintiff's evidence. As already noted, this ruling was made, according to the court's views as stated in the record, upon the theory that plaintiff's evidence raised a reasonable inference or presumption of negligence on the part of her decedent directly and proximately causing or contributing to cause his death, and that she failed to sustain the burden of dispelling or counterbalancing such inference or presumption,

The case of *Ziebro, Admx.*, v. *Cleveland*, 157 Ohio St., 489, is argued in support of the judgment. That case, however, was decided upon "undisputed evidence" that decedent's negligence proximately caused his death.

What is the evidence of the decedent's negligence in this case, and of its causal relationship to his death? There is considerable evidence of such negligence on the part of the driver of the Chevrolet in which decedent was riding. The important question is the identity of that driver. What does plaintiff's evidence show in this respect?

It shows that when the state patrolman arrived on the scene, decedent's brother, Alvin Long, was sitting on the left side of the front seat, under and slumped over the steering wheel; that his father's body was to Alvin's right and decedent's body was under the two-axle trailer; and that both doors of the Chevrolet were open. Albeit defendant's driver when cross-examined by plaintiff stated, after some confusion, that only the left-hand door was open.

Plaintiff's evidence does not in our opinion create or justify any presumption or inference that decedent was the driver of the Chevrolet.

In his opening statement, plaintiff's counsel said:

"Alvin Long will be called as a witness on behalf of the defendant, and we expect the evidence to show that Alvin Long has unconsciously, perhaps, absolved himself of the responsibility of driving that car at that time and putting the blame on his brother. * * * On this driving question, we expect the court to place the burden of showing who was the driver; was it Marion Long; was he in any way at fault in this collision on the defendant. We expect the defendant will fail to sustain its burden of proof in this regard. We expect the evidence to show that in fact Marion Long was merely a passenger in this automobile as he had been all day long, rather than the driver."

Alvin Long was not called as a witness by the plaintiff. It is apparently conceded by all counsel that at the time of trial Alvin, who was the brother of the decedent, resided in Dayton, Montgomery County, Ohio, which is not adjacent to Fayette County where the trial was held (see Section 2317.16, Revised Code), and that defendant had taken his deposition.

Defendant strenuously argues that a presumption that Marion Long, the decedent, was the driver of the Chevrolet

arises from, or is at least aided by, plaintiff's failure to call Alvin Long as a witness. We do not believe this reasoning is valid. The plaintiff was presenting her case in chief. Unless her evidence raised the presumption, she had no duty to dispel such non-existent presumption and no duty to call Alvin or any other witness for that purpose. 39 Ohio Jurisprudence (2d), 716, Negligence, Section 141. Her only burden in chief, on the issue of liability, was to prove negligence of the defendant proximately causing the death.

Failure to call an available witness at that stage could provide defendant with the argument that such witness if called would testify adversely to plaintiff on those issues. But unless a presumption or inference of decedent's negligence had arisen from plaintiff's evidence, no such issue had yet entered the case. Hence, the absence of Alvin could provide defendant with no argument as to his probable testimony on that point.

Counsel's opening statement is not evidence. Any suggestion that if called Alvin would testify that Marion and not himself was driving, is not evidence, is not a statement of fact, and is not an admission. Plaintiff's counsel was careful to state that such anticipated statement by Alvin would actually be untrue.

But even if the evidence were in such a state, which we believe it is not, that reasonable minds could come to different conclusions as to decedent's negligence, the question would be one for the jury. See 39 Ohio Jurisprudence (2d), 721, and 806, Negligence, Sections 141 and 187.

In order to justify directing a verdict for the defendant on such an issue, it would have been necessary that the court find, as a matter of law, that plaintiff's evidence created an inference or presumption of decedent's contributory negligence which remained unrebutted.

It was, in our opinion, prejudicial error to direct such a verdict upon the state of the record.

For these reasons, the judgment is reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

KERNS and SHERER, JJ., concur.