**L.W. SHOEMAKER, M.D., INC., Appellant,**

v.

**CONNOR, Appellee.**

[Cite as *L.W. Shoemaker, M.D., Inc. v. Connor* (1992), 81 Ohio App.3d 748.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1270.

Decided July 14, 1992.

*Luper, Wolinetz, Sheriff & Neidenthal* and *James R. Leickly,* for appellant.

*W. Vincent Rakestraw,* for appellee.

DESHLER, Judge.

This is an appeal by plaintiff, L.W. Shoemaker, M.D., Inc., from a judgment of the Franklin County Municipal Court, dismissing plaintiff's action against defendant, Terry Connor.

On June 7, 1991, plaintiff filed a complaint against defendant, alleging that defendant owed plaintiff $665. The complaint arose from alleged medical services rendered by plaintiff to defendant's daughter from August 21, through August 31, 1990, at Riverside Hospital.

On July 23, 1991, defendant filed an "answer," *pro se,* asserting in part that plaintiff had failed to provide evidence that he had rendered services to defendant's daughter. Defendant also asserted that plaintiff could not have rendered services to defendant's daughter from August 27 through August 31, 1990 because, it was alleged, plaintiff was not present in the hospital at that time.

On July 25, 1991, the trial court filed an entry striking from the record the "answer" of defendant filed on July 23, 1991. The entry of the court stated that the paper filed by defendant "does not qualify as a pleading under Rules of Civil Procedure." On July 31, 1991, defendant filed an amended answer with the trial court.

A bench trial was held on October 1, 1991. Eva Hignite was called as a witness on behalf of plaintiff. Hignite testified that she was the office manager in charge of bookkeeping for plaintiff. Hignite identified plaintiff's Exhibit No. 1 as a billing statement she had typed for services rendered by plaintiff in the treatment of defendant's daughter at Riverside Hospital. Hignite testified that the billing record was made at or near the time it was

given to her by plaintiff, and that the record was kept in the regular course of business activity.

Following the direct examination of Hignite, the witness was cross-examined by defendant, who represented himself at trial. Defendant asked Hignite if she knew on what days plaintiff had been on vacation in 1990. Hignite responded that she could not recall plaintiff's vacation dates.

At the close of cross-examination, counsel for plaintiff moved for admission of plaintiff's Exhibit No. 1. The exhibit was admitted by the trial court without objection.

Following the close of plaintiff's case, the following exchange occurred between the court, defendant, and counsel for plaintiff, James R. Leickly:

"MR. CONNER [*sic* throughout]: At this time, Your Honor, I'd like to call myself as a witness.

"THE COURT: Mr. Conner, I realize that you're not an attorney. And I assume you're not familiar with the Rules of Civil Procedure. Is that right?

"MR. CONNER: No, Your Honor, I'm not.

"THE COURT: Well, you see, if you were an attorney, once the plaintiff has rested, you make a motion for what we call the Rule 29 motion for a judgment in your favor.

"MR. CONNER: Okay, Your Honor. Then, it is my testimony as to the circumstances of the case, that I don't think these billings were properly—

"THE COURT: If I overrule the motion, you'd be entitled to testify.

"MR. CONNER: Okay, Your Honor. Then I would make a motion that plaintiff has not presented evidence that, in fact, these bills are justified. And I would move that the Court render a judgment in my favor and dismiss the motion.

"MR. LEICKLY: If I may respond, Your Honor?

"THE COURT: Yes, you may.

"MR. LEICKLY: We have, in fact, brought someone who is the custodian of the records to indicate that this was a business record kept in the ordinary course of business; based on the records made at or about the time that the services were performed; it was billed to Mr. Conner—Mr. Conner doesn't deny that—and that it is still, in fact, due and owing. So I believe we have put on our prima facie case put forward on this account, on this $700 account, Your Honor.

"* * * *

"THE COURT: In this case, Mr. Conner has placed at issue whether Dr. Shoemaker had performed the services that are the basis of this action from

the very time—in his first pleading that I ordered struck because it was not a legal pleading; but every other paper he's filed and his opening statement, he placed at issue the fact that he didn't feel that Dr. Shoemaker had performed the services that were the basis of this action.

"The only thing that the plaintiff has offered in proof of its claim is Plaintiff's Exhibit 1, which is not proof that the services were performed. Miss Hignite couldn't even testify that Dr. Shoemaker was not on vacation during the time the services were alleged to have been performed. The plaintiff, in fact, has offered nothing to support his claim.

"The defendant's motion for judgment will be sustained. The complaint will be dismissed at plaintiff's costs."

On October 4, 1991, the trial court filed a judgment entry, which stated in pertinent part, "Motion to Dismiss at end of Plaintiff's case sustained." On October 7, 1991, plaintiff filed a motion, pursuant to Civ.R. 52, requesting the trial court to state in writing its findings of fact and conclusions of law. By entry filed November 1, 1991, the trial court overruled plaintiff's motion on the basis that the court had stated its reasons for dismissal on the record at the conclusion of plaintiff's case.

On appeal, plaintiff sets forth the following assignments of error for review:

"I. The Court erred by ruling as a matter of law that Plaintiff had offered no evidence to support his claim.

"II. The Court erred in that its dismissal of Plaintiff–Appellant's claim was clearly against the manifest weight of the evidence.

"III. The Court erred in that it admitted Plaintiff–Appellant's Exhibit 1 but nonetheless ruled that Plaintiff–Appellant had presented no evidence to support his claim.

"IV. The Court erred in considering a responsive pleading, opening statement and cross-examination questions to be testimony.

"V. The Court erred in that its ruling pursuant to 'Rule 29,' Ohio Rules of Civil Procedure was an abuse of discretion."

Plaintiff's five assignments of error all raise essentially the same issue: whether the trial court's dismissal of plaintiff's action was against the manifest weight of the evidence. Accordingly, we will consider the assignments of error together.

Initially, we note that, during the trial of this matter, the trial court discussed with defendant the opportunity for defendant to request a "Rule 29 motion" for judgment. It appears that the court may have inadvertently been referring to Crim.R. 29, pertaining to a motion for acquittal in a criminal

proceeding, rather than the Civil Rule governing the dismissal of an action. While it is not entirely clear under what standard the trial court granted the dismissal of plaintiff's case, in a nonjury action, such as the present one, the proper motion for a dismissal is set forth under Civ.R. 41(B)(2).

Civ.R. 41(B)(2) provides:

"After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52 if requested to do so by any party."

Thus, pursuant to Civ.R. 41(B)(2), if a case is tried to the court, rather than before a jury, the defendant may, after the plaintiff has presented his evidence and rested, move for a dismissal of the plaintiff's action on the ground that, upon the facts and law, the plaintiff has failed to show a right to relief. *Cent. Motors Corp. v. Pepper Pike* (1979), 63 Ohio App.2d 34, 48, 13 O.O.3d 347, 356–357, 409 N.E.2d 258, 270. The trial court, in determining whether the plaintiff has shown a right to relief, "is not required to review the evidence in the light most favorable to the plaintiff but is required only to determine whether the plaintiff has made out his case by a preponderance of the evidence." *Jacobs v. Bd. of Cty. Commrs. of Auglaize Cty.* (1971), 27 Ohio App.2d 63, 65, 56 O.O.2d 245, 246, 272 N.E.2d 635, 636. Furthermore, the conclusions of the trial judge "may not be set aside unless they are erroneous as a matter of law or against the manifest weight of the evidence." *Id.*

Based upon a review of the evidence presented by plaintiff during his case in chief, we find that the judgment of the trial court was unsupported by the evidence at the time the proceeding was terminated. While the trial court is entitled to weigh the evidence under a Civ.R. 41 motion, in the case *sub judice* there was no conflicting evidence to weigh at the time the trial court dismissed this action. Rather, at the close of plaintiff's case, the only evidence presented regarding the issue of services rendered was the testimony of plaintiff's bookkeeper and the admission of the billing statement indicating that such services had been performed. More specifically, the bookkeeper, Hignite, testified that Exhibit No. 1, plaintiff's billing statement, was prepared in the normal course of business and was part of the physician's business records. The billing statement, which was introduced without objec-

tion, indicates that defendant's daughter received ten hospital visits from plaintiff covering the period from August 21, 1990, the date of her admission to the hospital, through August 31, 1990, the date of her release.

The trial court apparently placed great reliance upon the fact that Hignite, when asked by defendant if she knew plaintiff's vacation dates for 1990, testified that she did not know his vacation schedule. Hignite's response, however, did not constitute contravening evidence. Rather, her response that she did not know plaintiff's vacation dates provided no evidence as to that issue. Moreover, the question propounded by defendant, standing alone, is not evidence.[1]

While not dispositive of this action, we find instructive the approach taken by some jurisdictions which follow the so-called "Alaska rule" in addressing a Civ.R. 41(B) motion. The rule was first set forth in *Rogge v. Weaver* (Alaska 1962), 368 P.2d 810, 813, wherein the court held:

" * * * [W]here plaintiff has presented a prima facie case based on unimpeached evidence we are of the opinion that the trial judge should not grant the [Civ.R. 41(B)] motion even though he is the trier of the facts and may not himself feel at that point in the trial that the plaintiff has sustained his burden of proof. We believe that in the latter situation the trial judge should follow the alternative offered by the rule wherein it is provided that he ' * * * may decline to render any judgment until the close of all the evidence,' and deny the motion. If, after denial of the motion, the defendant declines to present any evidence, the judge must, of course, then exercise his own judgment in applying the law to the facts presented and rule on the motion and decide the case."

Although the position set forth in *Rogge* may appear to hinder the trial court from freely weighing the evidence, commentators have noted that the "Alaska rule" is consistent with Civ.R. 41(B) and does not significantly differ from the view employed by federal courts which weigh the evidence pursuant to a motion for involuntary dismissal:

"The view taken in Alaska is wholly consistent with the language of amended Rule 41(b), though the language of the rule does not require that result. In practice there is probably not much difference between the position in Alaska and that taken in the federal courts. *It is doubtful if federal*

---

1. The trial court further made reference to the fact that defendant, through his pleadings and opening statement, "placed at issue the fact that he didn't feel that Dr. Shoemaker had performed the services that were the basis of this action." However, neither defendant's opening statement nor his pleadings are evidence. See *Long v. Maxwell* (1962), 118 Ohio App. 134, 24 O.O.2d 446, 193 N.E.2d 423; *Farmers Prod. Credit Assn. of Ashland v. Stoll* (1987), 37 Ohio App.3d 76, 523 N.E.2d 899.

*judges would enter judgment on the merits against plaintiff at the conclusion of his case if his evidence making out a prima facie case is unimpeached. It is only when the evidence has been impeached that there is any real occasion for the judge to weigh the evidence."* (Emphasis added.) 9 Wright & Miller, Federal Practice and Procedure (1971) 227, Section 2371.

■ We find the above commentary persuasive. The rationale that there can be no practical weighing of the evidence when the evidence is unimpeached constitutes a common-sense approach which promotes the interests of justice under such circumstances. In the present case, at the time the trial court prompted defendant to make his motion for dismissal, plaintiff's evidence was uncontradicted either by discrepancies from within or by contrary evidence from defendant. Had the trial court allowed the action to proceed, defendant would have had the opportunity to present a conflicting version surrounding the services allegedly rendered. However, no conflicting evidence was before the court when it dismissed this action and plaintiff's own evidence was neither impeached nor inherently implausible. In sum, we find that the judgment of the trial court was against the manifest weight of the evidence as the evidence stood when the trial court granted defendant's motion.

Based upon the foregoing, we conclude that the trial court's decision was erroneous. Accordingly, plaintiff's five assignments of error are sustained to the extent provided above.

Defendant has filed a motion to dismiss plaintiff's appeal, asserting that the appellate brief of plaintiff was not filed in a timely manner and that neither plaintiff nor his counsel attended a scheduled prehearing conference. Defendant further seeks sanctions for plaintiff's failure to appear at the prehearing conference.

Concerning defendant's contention that plaintiff failed to timely file an appellate brief, the record in this case indicates that, by entry dated December 3, 1991, this court granted plaintiff an extension by which plaintiff was required to file his brief on December 4, 1991. The record shows that plaintiff timely filed his brief on that date.

■ Defendant's motion to dismiss for the failure of plaintiff or his counsel to attend a prehearing settlement conference is without merit. While the record indicates that a prehearing settlement conference was scheduled by the assignment commissioner, defendant has failed to demonstrate prejudice warranting the dismissal of this action or the award of sanctions, nor does the record show that plaintiff violated a prehearing conference order of this court pursuant to Loc.R. 15 of the Tenth District Court of Appeals.

Accordingly, defendant's motion to dismiss this appeal is not well taken and is overruled.

Based upon the foregoing, plaintiff's five assignments of error are sustained to the extent set forth above, defendant's motion to dismiss is overruled, the judgment of the trial court is reversed and this matter is remanded for a new trial in accordance with law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG, P.J., concurs.

WHITESIDE, J., dissents.

WHITESIDE, Judge, dissenting.

Being unable to concur in the conclusions reached by the majority, I must respectfully dissent.

Although the majority sets forth the proper test to be applied upon a motion to dismiss in a trial to the court without the jury under Civ.R. 41(B)(2), it would appear that this court substituted its judgment for that of the trial court, for the majority opinion states that "there was no conflicting evidence to weigh at the time the trial court dismissed this action," thus implicitly determining the credibility of plaintiff's evidence in his favor. The issue before us upon the sustaining of a Civ.R. 41(B)(2) motion granted to defendant at the close of plaintiff's evidence is whether the judgment of the trial court is supported by competent, credible evidence, that is, whether the judgment is against the manifest weight of the evidence. See *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

In this case, the issue is not whether plaintiff produced evidence from which the trial court could have found in his favor but, instead, whether plaintiff produced evidence from which the trial court was required to find in favor of plaintiff, bearing in mind that the weight and credibility to be given to the testimony of the witnesses lies within the sound discretion of the trial court.

The majority relies upon the so-called "Alaska rule" to find that the trial court erred in rendering judgment for defendant. Contrary to the quotation in the majority opinion, most federal courts have expressly rejected the so-called "Alaska rule," which essentially mirrors the views of Professor Steffen set forth in Steffen, The Prima Facie Case in Non–Jury Trials (1959), 27 U.Chi.L.Rev. 94, 125, cited in 9 Wright & Miller, Federal Practice and Procedure (1971) 226, Section 2371, wherein it is stated: "Professor Steffen's view has had no following from the federal courts though it has received a measure of support in some of the states that have rules based on Federal

Rule 41(b)." The Alaska case is then referred to, following by the quotation in the majority opinion.

More importantly, Wright & Miller points out, at 224–225, citing federal cases:

"* * * The court is not to make any special inferences in the plaintiff's favor nor concern itself with whether plaintiff has made out a prima facie case. Instead it is to weigh the evidence, resolve any conflicts in it, and decide for itself where the preponderance lies." (Citations omitted.)

The majority opinion would appear to conflict with those of this court and of several other Ohio courts of appeals. See, *e.g., Levine v. Beckman* (1988), 48 Ohio App.3d 24, 548 N.E.2d 267; *Janell, Inc. v. Woods* (1980), 70 Ohio App.2d 216, 24 O.O.3d 266, 435 N.E.2d 1138; *Cent. Motors Corp. v. Pepper Pike* (1979), 63 Ohio App.2d 34, 13 O.O.3d 347, 409 N.E.2d 258; and *Jacobs v. Bd. of Cty. Commrs. of Auglaize Cty.* (1971), 27 Ohio App.2d 63, 56 O.O.2d 245, 272 N.E.2d 635. In *Levine, supra,* this court expressly held that the trial court, in a case tried without a jury, may dismiss an action at the close of the plaintiff's case if the trial court finds after weighing the plaintiff's evidence that the plaintiff has failed to sustain its burden of proof. Although whether to do so may lie within the discretion of the trial court, a reviewing court cannot properly substitute its discretion for that the trial court as to whether to dismiss or hear more evidence, which is the net result of the unfettered so-called "Alaska rule."

Part of the difficulty in applying authority from other states is the two different meanings of the term *"prima facie* evidence." Under one meaning, it denotes only evidence which, if believed by the trier of fact, is sufficient to establish the plaintiff's case. This is the meaning usually ascribed by Ohio and federal courts. The other meaning (apparently the one utilized by the Alaska court) requires a greater quantum of evidence and denotes evidence from which the trier of fact is required to find for the plaintiff in the absence of evidence to the contrary. In other words, this means evidence of such a nature that credibility of the witnesses and the weight to be given the evidence cannot reasonably be determined other than in favor of the presenter of the evidence. This does not follow merely because the evidence is "uncontroverted," since the trial court as trier of fact is not required to believe the testimony of a witness merely because if is uncontroverted.

In rendering its decision, the trial court stated:

"In this case, Mr. Connor has placed at issue whether Dr. Shoemaker had performed the services that are the basis of this action * * *.

"The only thing that plaintiff has offered in proof of its claim is Plaintiff's Exhibit 1, which is not proof that the services were performed. Mrs. Hignite couldn't even testify that Dr. Shoemaker was not on vacation during the time the services were alleged to have been performed. The plaintiff, in fact, has offered nothing to support his claim."

The findings of the trial court are accurate and a fair weighing of the evidence. The only real evidence produced by plaintiff was plaintiff's Exhibit No. 1, which, both on its face and from the testimony, is a copy of a billing statement, not a copy of an account. The witness identified the document, as follows:

"This is a billing statement that I, in fact, typed for services rendered in a hospital for Kimberly, Mr. Connor's daughter, while she was in Riverside."

She further stated that a log is kept by Dr. Shoemaker, stating as follows:

"Dr. Shoemaker keeps a daily log of patients in the hospital and treatment on a daily basis. At the end of the hospitalization, the date of release, he always hands me that log. And it shows the date he saw the patient, the CPT code, which means services performed on those days, and the charge."

In other words, the account, by the testimony of this witness, is the daily log kept by Shoemaker, not the billing statement. The witness admitted that she had no knowledge as to whether the services actually were performed and had no knowledge as to when Shoemaker was on vacation and as to whether he was on vacation during any of the time for which she had prepared a billing statement.

The trial court weighed this evidence and found that it was not sufficient to prove by a preponderance of the evidence that Shoemaker, in fact, performed the services for which the bills were rendered.

The bill does not indicate what services were rendered but, instead, states merely "Initial Hosp. Visit" and "9 Hosp. Visits," with dates being ascribed to each. There was a charge of $125 for the initial visit and $60 for each of the other hospital visits. There was no evidence as to the reasonableness of the charges or the necessity of the services.

Plaintiff does point out that he had served a request for admissions upon defendant, to which defendant did not respond, and that, based upon the unanswered request for admissions, he had filed a motion for summary judgment five days before trial. Plaintiff contends that the admissions should be deemed part of the evidence before the trial court. First, we note that the copy of the request for admissions attached to the motion for summary judgment indicates they were mailed to defendant on August 23, 1991, which would make the response date September 23, 1991 at the earliest. Four days

later, on September 27, 1991, the motion for summary judgment was made, based upon the attached copy of the request for admissions. The request for admissions was not otherwise filed or submitted to the trial court. However, a notice was given that defendant had until October 15, 1991 to file any memorandum or affidavit in response to the motion for summary judgment. The case was called for trial, however, two weeks earlier, on October 1, 1991.

When defendant inquired of the trial court as to the motion for summary judgment, the trial court responded: "The motion is moot, because the case is on for trial before the time for me to rule on the motion for summary judgment." Counsel for plaintiff agreed that this was his understanding.

Civ.R. 5(D) provides that requests for admissions shall not be filed with the court "unless on order of the court or for use as evidence or for consideration of a motion in the proceeding." The request for admissions was never filed with the trial court for use as evidence at trial, and counsel for plaintiff agreed that the motion for summary judgment to which a copy of the request for admissions was attached was moot. In other words, plaintiff never brought to the attention of the trial court that it intended to consider the unanswered admissions as evidence in the trial and most certainly never gave such notice to defendant so that he could respond to the question of the admissibility of such evidence. Accordingly, there is no basis for considering the unanswered request for admissions as evidenced in the trial.

The request for admissions asks three questions, namely, (1) whether plaintiff treated defendant's minor daughter, (2) whether defendant agreed to be responsible for the medical charges connected with the treatment of his daughter, and (3) whether the exhibit attached to plaintiff's complaint "is a true and correct statement of defendant's account due and owing to plaintiff." Although plaintiff alleges in his brief herein that defendant did not respond to the request for admissions, there is no evidence or filing before the trial court establishing that that is the case. The record is devoid of any evidence as to whether defendant did respond to the request for admissions, timely or otherwise, except by an unsworn assertion by plaintiff's counsel. On the other hand, defendant very succinctly set forth his position, at least as to the third, and most pertinent, query, by stating in his amended answer as a second defense that "Plaintiff's Exhibit A is incorrect and inaccurate and requests payment for services not rendered."

The basic thrust, however, of plaintiff's contention is that it was incumbent upon defendant to prove that plaintiff did not render the services for which payment was sought since plaintiff had prepared a billing statement and rendered it to defendant in the ordinary course of business. The only evidence was the billing statement, as indicated above. However, the keeper

of the records admitted that there was another record maintained not by her but by the doctor himself, which indicated the dates services were rendered, the services that were rendered, and the amount charged. This record was not offered into evidence. Even assuming, however, that the billing statement constitutes prima facie evidence sufficient for the trial court to have rendered judgment for plaintiff had the court so weighed the evidence, this does not mean that it was required to do so, even in the absence of any evidence from defendant indicating plaintiff did not provide the services in question.

Plaintiff contends that the trial court considered as evidence defendant's repeated statement that plaintiff was charging for services not rendered. I find no merit to plaintiff's contention, since the clear import of the trial court's statement is that defendant placed the matter in issue so that plaintiff was fully on notice that he was required to prove that the services were rendered, as well as the amount billed.

As stated by this court in *Am. Sec. Serv. v. Baumann* (1972), 32 Ohio App.2d 237, 240, 61 O.O.2d 256, 257, 289 N.E.2d 373, 376, Civ.R. 10 is rule of pleading, not a rule of evidence. More importantly, as stated at 242, 61 O.O.2d at 259, 289 N.E.2d at 377:

"An action upon an account is founded in contract. It exists to avoid the multiplicity of suits necessary if each transaction between the parties (or item on the account) would be construed as constituting a separate cause of action. * * * "

This court further stated, at 245, 61 O.O.2d at 260, 289 N.E.2d at 378:

"In an action on an account, the word 'account' has reference to the type of relationship between the parties and not to a particular book or record. As stated above, an action on an account is founded upon contract. *When placed in issue by the answer, the plaintiff is required to prove all the necessary elements of a contract action,* and, in addition, to prove that the contract involves a transaction or transactions that usually form the subject of a book account. * * * " (Emphasis added.)

Thus, plaintiff was required to prove that the services were, in fact, rendered by him to defendant's daughter, that defendant agreed to pay for such services, that the services were necessary, and that the amount of the charges was reasonable. As the trial court pointed out, all that plaintiff entered into evidence was the billing statement.

Evid.R. 803(6) provides that business records properly maintained and identified are not excluded by the hearsay rule and refers to Evid.R. 901(B)(10), which in turn refers to methods of authentication or identification

provided by statute. Both Evid.R. 803(6) and R.C. 2317.40 provide that business records may be admissible upon the appropriate testimony of the custodian or other qualified witness. These rules and this statute pertain to the admissibility of evidence, not the weight to be given evidence. The mere fact that evidence is admissible does not mean that the trial court is required to give conclusive weight to such evidence.

Here, although the witness testified that she made the billing statement in question, and the trial court deemed it admissible, the witness also testified that she had no knowledge as to whether the services were, in fact, ever rendered. In weighing the evidence, the trial court was entitled, within its discretion, to find that the evidence was not of sufficient weight to create a preponderance in favor of plaintiff's claim.

This court should not substitute its judgment for that of the trial court upon this question of the weight to be given the evidence. In short, although plaintiff did produce evidence from which the trial court could have found for plaintiff, the trial court was not required to make such findings but, instead, acted properly in finding that the evidence was not of sufficient weight to support a judgment for plaintiff.

At best for plaintiff, the meager evidence that he produced would permit an inference that he performed the services for which the witness prepared a billing statement from the records maintained by the plaintiff himself. However, whether to make that inference lies within the discretion of the trier of fact. Here, the witness admitted that she had no knowledge as to whether the services were, in fact, performed. Instead, she merely copied from a record maintained by the plaintiff himself and indicated that she had no knowledge whether plaintiff, in fact, rendered the services he had noted. The trial court was not required to make the inference that all of the services for which a charge was made were performed or even that any of them were.

Even assuming that the evidence required the finding that some services were performed, the evidence does not require a finding that all of the services for which charges were made were, in fact, performed. The burden of proof was upon plaintiff. The trial court found that plaintiff had not sustained that burden. Such finding is supported by the evidence, and it is improper for this court to find otherwise, even if we would have made different findings from those made by the trial court.

The so-called "Alaska rule" neither applies nor varies the result herein since there was no direct evidence that plaintiff performed the services for which payment is sought but, instead, at most circumstantial evidence from which it could be, but need not be, inferred that such services were performed.

For the foregoing reasons, all of the assignments of error should be overruled, and the judgment of the Franklin County Municipal Court should be affirmed.