OPINION
{¶ 1} Appellant, James W. Ramey ("Ramey"), appeals from the judgment of the Lake County Common Pleas Court that found him liable to appellee, Osborne, Inc., ("Osborne") in the sum of $2,800 and to appellee, Cuyahoga Concrete Co., ("Cuyahoga Concrete") in the sum of $2,711.33. We affirm.
 {¶ 2} Osborne and Cuyahoga Concrete are affiliated Ohio corporations who supply building materials and related supplies. In 1996, H R Purchasing, Inc., ("H R"), contacted appellees about an extension of credit. In response to this inquiry, appellees faxed a credit application to H R. H R returned the application, signed by Ramey as president.
 {¶ 3} On May 6, 2002, appellees filed suit against H R alleging that H R had purchased materials on account and failed to tender payment. The complaint also alleged that Ramey had personally guaranteed the debt.
 {¶ 4} Following a bench trial the court entered judgment in favor of appellees and against H R and Ramey in the aggregate amount of $5,511.33. Ramey appeals raising two assignments of error:
 {¶ 5} "[1.] A trial court errs as a matter of law by imposing liability on a corporate officer who signs a credit application as president where the handwritten signature and the typewritten application demonstrate conflicting intent.
 {¶ 6} "[2.] A trial court errs as a matter of law by finding affiliated status between corporations when no evidence of common ownership is presented."
 {¶ 7} Ramey's assignments of error are interrelated so we address them together.
 {¶ 8} We first note that neither appellees nor Ramey has properly identified the standard of review in this matter. Ramey contends that we are interpreting a contract and thus, we must review the trial court's determination de novo. Appellees contend, without citation to authority, that we review the trial court's judgment only for an abuse of discretion.
 {¶ 9} In fact, the issues as framed by Ramey challenge the trial court's denial of his motion to dismiss;[1] thus, we may set aside the trial court's decision only if it is erroneous as a matter of law or against the manifest weight of the evidence. L.W. Shoemaker, M.D., Inc.v. Connor (1992), 81 Ohio App.3d 748, 752, citing, Jacobs v. Bd. of Cty.Commrs. of Auglaize Cty. (1971), 27 Ohio App.2d 63, 65.
 {¶ 10} When considering a motion to dismiss in a bench trial following the close of plaintiff's evidence, the trial court weighs the evidence, and resolves any conflicts. Speer v. Ohio Dept. of Rehab. Corr.
(1993), 89 Ohio App.3d 276, 279; Civ.R. 41(B)(2). When determining whether the plaintiff has shown a right to relief, the trial court "* * * is not required to review the evidence in the light most favorable to the plaintiff but is required only to determine whether the plaintiff has made out his case by a preponderance of the evidence." Shoemaker, supra, at 752.
 {¶ 11} Ramey first argues that the trial court erred in determining that he was personally liable to appellees for the debt of the corporation. Ramey argues that appellees failed to present evidence to establish that it faxed H R both the obverse and reverse of the document and thus Ramey is not personally liable because he signed the application only in his capacity as president of H R. We disagree.
 {¶ 12} Appellees presented the testimony of William Mackey, the treasurer of both Osborne and Cuyahoga Concrete. Mackey testified that it was standard procedure to fax both pages of the credit application. While Mackey admitted he did not remember specifically doing so in this case, he did confirm that that was the normal procedure.
 {¶ 13} Further, the obverse of the document at issues states:
 {¶ 14} "Additional terms — see reverse hereof: The applicant ackowledges that he/they have read the terms and conditions on the reverse side hereof which are incorporated herein and expresly agrees and assents to same.
Signature _______________________" (Emphasis sic.)
 {¶ 15} Ramey signed this document. Appellees presented evidence that the reverse side of the document contained the following language:
 {¶ 16} "The undersigned further agrees that notwithstanding the fact that this application has been executed in a coprorate or representative capacity, each signer hereof by such signature hereby assumes personal and individual responsibility for payment to osborne, inc. and/or any of its subsidiaries or affiliated companies of all amounts due pursuant to such extension of credit."
 {¶ 17} A review of the record demonstrates that appellees presented evidence to establish by a preponderance of the evidence that both pages of the credit application were faxed to H R. Further, by signing the obverse, Ramey expressly acknowledged that he had read the reverse side and assented to its terms, i.e., personal liability.
 {¶ 18} Ramey next argues that appellees failed to present evidence to establish that Cuyahoga Concrete was an affiliate of Osborne. We disagree.
 {¶ 19} Mackey testified that he was the treasurer of both corporations, that both corporations shared common officers and owners, and that both had the same address and fax number. Thus, appellees presented evidence to establish by a preponderance of the evidence that Osborne and Cuyahoga Concrete were affiliated corporations.
 {¶ 20} Thus, we cannot say that the trial court's decision denying Ramey's motion to dismiss was erroneous as a matter of law or that the decision was against the manifest weight of the evidence. Appellant's first and second assignments of error are without merit and the judgment of the Lake County Common Pleas Court is affirmed.
O'Neill, J., Grendell, J., concur.
[1] Ramey moved for a directed verdict at the close of the plaintiffs' case; however, in a trial to the court, such a motion is a motion to dismiss under Civ.R. 41(B)(2), not a motion for a directed verdict under Civ.R. 50. Speer v. Ohio Dept. of Rehab. Corr. (1993),89 Ohio App.3d 276, 279, citing Bank One, Dayton, N.A. v. Doughman
(1988), 59 Ohio App.3d 60, 62-63.