OPINION
{¶ 1} Defendant-Appellant, Roger L. Watson, Trustee, appeals the judgment of the Champaign County Common Pleas Court finding that a conditional use permit was required for the operation of Watson's farm market, and granting an injunction ordering him to either remove or abate infractions of the Salem Township Zoning Law. Watson claims that the trial court erred in denying his motion for a directed verdict and that the trial court's decision was contrary to the manifest weight of the evidence. Because we find that the trial court judgment was neither contrary to law, nor to the manifest weight of the evidence, we affirm the judgment of the Champaign County Common Pleas Court.
 {¶ 2} The following facts are pertinent to the instant matter: Roger Watson owns and operates a 924-acre farm in Logan and Champaign Counties. While the majority of the farm is devoted to row crops, approximately 55 acres are used for the production of non-traditional crops, such as pumpkins, sweet corn, tomatoes, Indian corn, peppers, asparagus, flowers, herbs, and berries. In order to market these non-traditional crops, Watson operates the Mad River Farm Market located on U.S. Route 68, on the farm.
 {¶ 3} Upon investigation of several alleged violations of the Salem Township zoning law, Richard Tillman, the township zoning inspector, filed the within suit seeking abatement of these alleged violations. Tillman alleges that Watson's market *Page 3 
was being operated without any conditional use or zoning permits, and that signs advertising the store were in violation of the zoning code. Watson claimed that the "farm market" exemption, contained in R.C.519.21(C), applied and that the Township had no power to impose zoning regulations on this operation.
 {¶ 4} At trial, the principal issue was whether more than 50 percent of Watson's gross income from the operation of the farm market was derived from produce raised on farms owned or operated by Watson. The only direct evidence applicable to this issue came from the testimony of Roger Watson. After the conclusion of the trial, the trial court issued its judgment, containing detailed findings of fact and conclusions of law, and granted judgment to Tillman. Specifically, the court found that Watson had failed to prove that the farm market exemption applied to Watson's business, that the advertising trailer used by Watson was not permitted under the zoning regulations, and that a conditional use permit was required. The trial court also granted an injunction enjoining Watson to remove and abate the infractions determined by the court.
 {¶ 5} Watson appealed this judgment, setting forth two assignments of error.
 First Assignment of Error {¶ 6} The Trial Court erred as a matter of law by denying defendant's motion for directed verdict when plaintiff had not presented evidence of substantial probative value that defendant was not exempt from township zoning pursuant to O.R.C. 519.21. *Page 4 
 Second Assignment of Error {¶ 7} The decision of the trial court in favor of plaintiff was against the manifest weight of the evidence because plaintiff presented no competent, credible, evidence to support it.
 {¶ 8} Watson denominates his motion at the close of the plaintiff's case as a motion for a directed verdict, and cites Civ.R. 50(A) in support thereof. Because the matter was tried to the court and not a jury, this rule is inapplicable. Only juries render verdicts; trial courts render judgments. The applicable rule in this instance is Civ.R. 41(B)(2), which provides:
 {¶ 9} "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, * * *, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine [the facts] and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence." (parenthetical material added).
 {¶ 10} Dismissals pursuant to Civ.R. 41(B)(2) are similar in nature to directed verdicts in jury actions; however, the standards for the two motions are not the same. See Civ.R. 41(B)(2) and Comment 3. Because a Civ.R. 41(B)(2) dismissal is used in actions tried to the court without a jury, it requires both the trial court and a reviewing court to apply different tests. Central Motors Corp. v. Pepper Pike (1979),63 Ohio App.2d 34, 48, 409 N.E.2d 258. *Page 5 
 {¶ 11} Civ.R. 41(B)(2) specifically provides the trial court may consider both the law and the facts. Therefore, the trial judge, as the trier of fact, does not view the evidence in a light most favorable to the plaintiff, but instead weighs the evidence and actually determines whether the plaintiff has proven the necessary facts by the appropriate evidentiary standard. See LW. Shoemaker, M.D., Inc. v. Connor (1992),81 Ohio App.3d 748, 752, 612 N.E.2d 369; Harris v. Cincinnati (1992),79 Ohio App.3d 163, 168, 607 N.E.2d 15. Even if the plaintiff has presented a prima facie case, dismissal may still occur if the trial court determines that the necessary quantum of proof makes it clear that the plaintiff will not prevail. Fenley v. Athens Cty. GenealogicalChapter (May 28, 1998), Athens App. No. 97CA36, 1998 WL 295496, at #3, citing 3B Moore's Federal Practice (1990), Paragraph 41.13(4), at 41-177. However, if the court finds the plaintiff has proven the relevant facts by the necessary quantum of proof, the motion must be denied and the defendant is required to put on evidence. Central MotorsCorp, supra.
 {¶ 12} A trial court's ruling on a Civ. R. 41(B)(2) motion will be set aside on appeal "only if erroneous as a matter of law or against the manifest weight of the evidence." Bank One, Dayton, N.A. v.Doughman (1988), 59 Ohio App.3d 60, 63571 N.E.2d 442.
 {¶ 13} We further note that the standard just quoted for Civ.R. 41(B)(2) applies only to situations where the trial court grants a motion to dismiss, not where (as here), the court denies the motion to dismiss. In this regard, Civ.R. 41(B)(2) explicitly states that after a defendant moves to dismiss a case, the court, "may decline to render any judgment until the close of all the evidence." *Page 6 
 {¶ 14} Thus, when a motion to dismiss is made, the trial court can choose either to dismiss the action or to proceed with further evidence and not render any judgment until the close of all of the evidence. Since the trial court selected the second option of hearing additional evidence, and because this was a choice expressly allowed by Civ.R. 41(B)(2), we cannot find that the trial court's initial decision was erroneous in this regard.
 {¶ 15} Nonetheless, we must reconsider this motion in the light of all of the evidence, and apply the same standard at the conclusion of the evidence.
 {¶ 16} In this case, Tillman's complaint alleged that Watson was in violation of the Salem Township Zoning Code. Watson's answer raised the defense of whether the Township had the power to subject his property to such zoning regulations by virtue of R.C. 519.21(C), which provides, "Such sections [granting zoning powers to townships] confer no power on any township * * * to prohibit in a district zoned for agricultural, industrial, residential, or commercial uses, the use of any land for a farm market [as defined in the statute] * * *."
 {¶ 17} At trial, evidence was presented by both parties as to this issue: whether Watson's operation was exempt by virtue of the fifty percent test contained in the statute. Both the current zoning inspector, Tillman, and his predecessor, Jene Gaver, testified that, by far, the majority of the items held for sale in Watson's market were packaged or bottled and obviously not items that were produced on the farm. In addition, the township elicited testimony from Watson that his 2000, 2001 and 2002 federal income tax returns showed that more than 50% of his gross farm market income came from items that were "bought for resale." Those items would *Page 7 
necessarily be items that were not "produce raised on the farms owned or operated by" Watson. In rebuttal, Watson testified that the tax returns did not accurately reflect the source of these items and that in spite of the treatment on the tax returns, significantly more than 50% of the farm market's sales came from the sale of items raised on the farm. These income tax returns were admitted into evidence. Additionally, the trial court viewed the market at the commencement of the trial and found, consistent with the testimony of the zoning inspectors, that there were "legitimate questions about the sources of items offered for sale."
 {¶ 18} On direct examination by his own counsel, Watson presented a "sales analysis" of Mad River Farm Market that he produced, and he testified further as to the preparation of his income tax returns. In the sales analysis, Watson breaks down all of the items sold in the market that were raised on the farm, and the analysis shows that between 56% and 61% of the market's sales came from produce raised on the farm. While Watson's testimony either refuted or explained each item on his tax returns, the trial court determines "what weight and credibility to afford the appellant's version of the events and the appellee's version of the events." Smith v. Wunsch, 162 Ohio App.3d 21, 2005-Ohio-3498, at ¶ 22 (citations omitted). Therefore, the trial court may determine what evidence to believe and what evidence to disbelieve, and which side of an issue has the preponderance of the evidence.
 {¶ 19} In ruling after the conclusion of the trial, the court held that Watson must raise the statutory exemption as an affirmative defense and that he therefore has the burden of proof of this issue. Upon making the finding that Watson had the burden of proof, the trial court found that Watson failed to prove that he was exempt. *Page 8 
 {¶ 20} On that basis, we cannot say that the trial court's decision is either contrary to the law or to the manifest weight of the evidence. Therefore, we must overrule both of Watson's assignments of error.
 {¶ 21} For the reasons stated herein, the judgment of the Champaign County Common Pleas Court is hereby affirmed.
WOLFF, P.J., and FAIN, J., concur.
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1