[Cite as *Blocker v. Carron*, 2011-Ohio-3673.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TRACY BLOCKER | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Petitioner-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| MARK CARRON | : | Case No. 10AP110042 |
| | : | |
| Respondent-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
                             Case No. 2010VI090465

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      July 26, 2011

APPEARANCES:

For Petitioner-Appellee                 For Respondent-Appellant

JOSEPH I. TRIPODI                       DAVID GUINN
114 East High Street                    407 6th Street, NW
New Philadelphia, OH  44663             New Philadelphia, OH  44663

*Farmer, P.J.*

{¶1}    On May 28, 2010, appellant, Mark Carron, and appellee, Tracy Blocker, were granted a dissolution.  Appellee was named the legal custodian and residential parent of the parties' two children.

{¶2}    On September 8, 2010, appellee filed a request for a civil protection order against appellant.  Hearings were held on September 13, and October 1, 2010.  By order filed October 15, 2010, the trial court maintained custody of the children with appellee, found that appellant had committed domestic violence, granted appellee a civil protection order until September 13, 2012, and ordered supervised visitation.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}    "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE RESPONDENT HAD COMMITTED DOMESTIC VIOLENCE UNDER OHIO REVISED CODE 3113.31(A)(1)."

I

{¶5}    Appellant claims the trial court erred in granting appellee a civil protection order.  We disagree.

{¶6}    A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence.  *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279.  A reviewing court must not substitute its judgment for that of the trial court where there exists some competent

and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶7} Under R.C. 3113.31(C), an individual may file a petition for a civil protection order. Subsection (1) states the petition shall contain "[a]n allegation that the respondent engaged in domestic violence against a family or household member of the respondent, including a description of the nature and extent of the domestic violence." Appellee was granted a civil protection order under subsection (A)(1)(b) which states the following:

{¶8} "(1) 'Domestic violence' means the occurrence of one or more of the following acts against a family or household member:

{¶9} "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code."

{¶10} A "threat" is defined in Black's Law Dictionary (6 Ed.1990) 1480, as:

{¶11} "A communicated intent to inflict physical or other harm on any person or on property. A declaration of an intention to injure another or his property by some unlawful act.***A menace; especially, any menace of such a nature and extent as to unsettle the mind of the person on whom it operates, and to take away from his acts that free and voluntary action which alone constitutes consent."

{¶12} By order filed October 15, 2010, the trial court found the following:

{¶13} "Respondent [appellant] has harassed Petitioner [appellee]. Respondent has told Petitioner she will die 5/27/11. Petitioner perceives this as a threat. Her fear is

compounded by the fact that Respondent's beliefs state the world will end in May 2012 & she fears what he may do as that time nears.

{¶14} "The Court further finds by a preponderance of the evidence: 1) that the Petitioner or Petitioner's family or household member(s) are in danger of or have been a victim of domestic violence or sexually oriented offenses as defined in R.C. 3113.31(A) committed by Respondent; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from domestic violence."

{¶15} Appellant argues his words and actions did not rise to the level of a threat under R.C. 3113.31(A). Appellant argues his statements of an impending nuclear holocaust were directed to the whole world, not just appellee, and his statements regarding his religious beliefs were his opinions, not threats.

{¶16} Appellee testified that appellant indicated via a writing to her and her parents that there were going to be nuclear attacks that would end the world. September 13, 2010 T. at 9. Appellee's father testified to the letter as follows:

{¶17} "A. ***It says this is, this is what is about to take place between June10[th] and July 20th. The U.S. will be attacked with nuclear bombs. When the initial attack occurs it will only be the start of things. Much more is coming. If it does not happen then I have much repenting to do and many people to apologize to. When it does happen then rest assured there is much more than that has been revealed to me to share with those who desire to know. The only thing is that it has to do with the spiritual regardless of what happens please know that I love you both." October 1, 2010 T. at 6-7.

{¶18} The date of June 10th is appellee's birthday. September 13, 2010 T. at 10. Appellee's father classified appellant's letter as a threat to his daughter. October 1, 2010 T. at 11.

{¶19} Appellant also told appellee and her parents that appellee would die on May 27, 2011, May 27th being the day the parties' dissolution was finalized. September 13, 2010 T. at 10. Appellant made repeated telephone calls to appellee between 1:00 a.m. and 4:00 a.m. over a period of time from February to August 2010, and continuously harassed her and her boyfriend, David Blake. Id. at 5-6, 11-12. Appellant described appellee's actions as worsening. Id. at 19.

{¶20} Appellant has called appellee "Jezebel, uhm said she's possessed with the Devil uhm Devil lives inside her***. October 1, 2010 T. at 15. Mr. Blake overheard appellant talk of his dreams or visions of appellee being dead and that appellee was not going to live very long and then he would get custody of the children. Id. at 17-18. Mr. Blake characterized appellant's statements as threats against appellee. Id. at 18.

{¶21} Appellant admitted to making indirect threats to appellee concerning her living past a certain date. Id. at 22. Appellant claimed the nuclear holocaust was a personal revelation to him via his pastor and church. Id. at 22-23. Appellant testified he did not proclaim the end of the world to be on the anniversary date of their dissolution, but rather the day Jesus Christ was coming back. Id. at 27-29.

{¶22} Appellant justified his statements to appellee as a publication of his religious beliefs, not threats. Id. at 39. We disagree. Appellant admitted to using his beliefs as indirect threats to appellee. He specifically personalized the nuclear holocaust to coincide with appellee's birth date and the coming of Jesus Christ and the

"end of this age" with their dissolution date. We conclude that although these statements are cast as religious beliefs, they were threats against appellee. We find this because of the method of conveyance (a letter via the children), early morning telephone calls, and the return of personal property in a dramatic fashion (appellee's wedding dress hanging on a telephone pole outside her house with a note attached saying "burn this" and a box of K-Y jelly in a bag conveyed by the children). September 13, 2010 T. at 5-8, 9-12.

{¶23} The court is aware of different religious beliefs relative to the end of the world, but finds that appellant used these beliefs to mask his personal threats against appellee.

{¶24} Upon review, we find there was sufficient credible evidence to warrant the granting of the civil protection order.

{¶25} The sole assignment of error is denied.

{¶26}　The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, P.J.

Edwards, J. and

Delaney, J. concur.

_s/ Sheila G. Farmer_____

_s/ Julie A. Edwards_____

_s/ Patricia A. Delaney_____

JUDGES

SGF/sg 701

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

TRACY BLOCKER                          :
                                       :
    Petitioner-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
MARK CARRON                            :
                                       :
    Respondent-Appellant            :          CASE NO. 10AP110042


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed. Costs to appellant.


                                         s/ Sheila G. Farmer_____


                                         s/ Julie A. Edwards_____


                                         s/ Patricia A. Delaney_____

                                              JUDGES