[Cite as *Zidan v. Zidan*, 2015-Ohio-4021.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| MICHELE ZIDAN, | : | **O P I N I O N** |
| Petitioner-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-132** |
| DALE ZIDAN, | : | |
| Respondent-Appellant. | : | |

Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 14 DV 000206.

Judgment: Affirmed.

*Michele Zidan,* pro se, 137 East Overlook Drive, Eastlake, OH 44095 (Petitioner-Appellee).

*Kenneth J. Cahill,* Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, OH 44077 (For Respondent-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Dale Zidan, appeals from the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, granting the petition for domestic violence civil protection order ("CPO") filed by appellee, Michele Zidan.

{¶2} On November 5, 2014, appellee filed a petition for a domestic violence ex parte civil protection order. The order was premised upon a recording in which appellant stated he wished to kill appellee and then kill himself in order to avoid

imprisonment. He further speculated that, in the event he went through with the threat, the parties' children would receive life insurance funds and live with appellant's mother. On the same day, the court granted the CPO.

{¶3} The matter proceeded to full hearing on November 19, 2014. After appellee presented testimony, appellant moved to dismiss the case for failure to produce sufficient evidence that appellee threatened appellant. The trial court denied the motion, reasoning the recording provided evidence of a male, identified as appellant. On December 9, 2014, the trial court granted appellee's motion and issued the CPO. This appeal followed.

{¶4} Appellant assigns two errors for this court's review. His first assignment of error provides:

{¶5} "Whether the trial court committed prejudicial error when it denied appellant's motion to dismiss after appellee presented her case-in-chief."

{¶6} Preliminarily, this matter was tried to the magistrate. While appellant filed a "memorandum of law" challenging the magistrate's denial of his Civ.R. 41(B)(2) motion, he did not file a specific objection to the magistrate's ruling. In fact, he filed the memorandum *before* the ruling was issued. Because, however, the magistrate's ruling was issued from the bench, we shall treat appellant's memorandum attacking the magistrate's denial of the motion as an objection to the court's action.

{¶7} Civ.R. 41(B)(2) permits a court to dismiss a case tried to the bench and provides, in pertinent part:

{¶8} After the plaintiff, in an action tried by the court without a jury, has

completed the presentation of the plaintiff's evidence, the

2

defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.

{¶9} Accordingly, when ruling on a Civ.R. 41(B)(2) motion, the trial judge "actually determines whether the plaintiff proved the necessary facts by the necessary quantum of proof." *Shutway v. Shutway*, 8th Dist. Cuyahoga No. 76737, 2000 Ohio App. LEXIS 461, *8 (Feb. 10, 2000), citing *L.W. Shoemaker M.D., Inc. v. Connor*, 81 Ohio App.3d 748 (10th Dist.1992). In considering a Civ.R. 41(B)(2) motion, a trial court is not required to construe the evidence in favor of the nonmoving party. *Levine v. Beckman*, 48 Ohio App.3d 24, 27 (10th Dist.1988). "A trial court's ruling on a Civil Rule 41(B)(2) motion will be set aside on appeal only if it is erroneous as a matter of law or against the manifest weight of the evidence." *Phillimore v. Butterbaugh*, 5th Dist. Richland No. 14CA32, 2014-Ohio-4641, ¶25.

{¶10} Under R.C. 3113.31(C), an individual may file a petition for a civil protection order. Subsection (1) provides the petition shall contain "[a]n allegation that the respondent engaged in domestic violence against a family or household member of the respondent, including a description of the nature and extent of the domestic violence."

{¶11} Appellee was granted a civil protection order under subsection (A)(1)(b), which provides, in relevant part:

{¶12} "(1) 'Domestic violence' means the occurrence of one or more of the following acts against a family or household member:

**{¶13}** "(b) Placing another person by the threat of force in fear of imminent serious physical harm * * *."

**{¶14}** A "threat" is defined as:

**{¶15}** "A communicated intent to inflict physical or other harm on any person or on property. A declaration of an intention to injure another or his property by some unlawful act. * * * A menace; especially, any menace of such a nature and extent as to unsettle the mind of the person on whom it operates, and to take away from his acts that free and voluntary action which alone constitutes consent." *Blocker v. Carron*, 5th Dist. Tuscarawas No. 10AP110042, 2011-Ohio-3673, ¶11, quoting Black's Law Dictionary (6 Ed.1990) 1480.

**{¶16}** In this matter, appellant moved the trial court to dismiss appellee's petition after her case in chief, asserting she failed to establish domestic violence. The trial court denied the motion. On appeal appellant contends the trial court erred because appellee failed to present any evidence of a history of domestic violence. He further emphasizes that appellee did not listen to the recording until two days after it was made. He consequently argues that she could not have had a reasonable fear of imminent physical harm.

**{¶17}** First of all, a history of domestic violence is not a necessary element for obtaining a CPO pursuant to R.C. 3113.31(A)(1)(b). Such evidence may be relevant to the reasonableness of a petitioner's fear of domestic violence, but the lack of such evidence is not dispositive of whether a petitioner's fears are reasonable as a matter of

4

law.  In this matter, appellant, on the recording, stated he was going to "kill [appellee]; stab her to death."  He further advised his daughter not to tell appellee about this threat "because [he] won't get the chance to kill her."  Even though this specific, violent threat on appellee's life was not made directly to her, appellee testified that the parties' relationship was tumultuous and volatile. Appellee further testified they frequently fight and are in the midst of divorce proceedings.  Under the circumstances, we cannot conclude appellee's fears were unreasonable.

**{¶18}** Next, appellee indicated she did not have adequate time to listen to the recording until two days after it was recorded.  This, however, does not mean she had no reasonable basis to believe the threat was imminent. Although there was no specific evidence that appellant intended to carry out the threat with immediacy, the threat, as it was uttered, was sufficient for a reasonable person to conclude it was looming and therefore ready to occur.

**{¶19}** The recording, along with appellee's testimony, established that appellant articulated an intention to kill appellee by stabbing her with a knife.  Appellee additionally testified that, after listening to the recording, she was "shaking in [her] boots" with fear.  Further, as just discussed, the nature of the threat, given the surrounding circumstances, was sufficient for appellee to reasonably fear imminent, serious physical harm. Thus, there was adequate evidence for the court to conclude, by a preponderance of the evidence, that appellant, by threat of force, placed appellee in imminent fear of serious physical harm.  The court did not err in denying appellant's Civ. R. 41(B)(2) motion.

**{¶20}** Appellant's first assignment of error is without merit.

**{¶21}** Appellant's second assignment of error provides:

**{¶22}** "Whether the trial court committed prejudicial error when it issued a domestic violence civil protection order based upon insufficient competent credible evidence to support a finding of domestic violence."

**{¶23}** As indicated above, appellant failed to file objections to the magistrate's decision. A party's failure to file objections to a magistrate's decision waives all but plain error relating to a trial court's adoption of the same. *See* Civ.R. 53(D)(3)(b)(iv). This standard of review was explained by the Supreme Court of Ohio in *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997):

> **{¶24}** In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. *Id.* at syllabus.

**{¶25}** In this matter, we find no plain error. Although appellant blankly denied threatening appellee, appellee testified appellant threatened to kill her by stabbing her; she further testified she was terrified by the threat. This testimony was further substantiated by the audio recording, which captured appellant yelling and cursing at appellee; and, after appellee left the home, clearly captured appellant making the threat on appellee's life and warning the parties' daughter not to tell appellee because, if appellee knew, he would be unable to carry out the threat. Accordingly, and notwithstanding appellant's denials, there was competent, credible evidence to support

6

the trial court's granting of appellee's petition. Where such evidence is advanced, a reviewing court may not substitute its judgment for that of the trial court's. *See Myers v. Garson*, 66 Ohio St.3d 610 (1993).

{¶26} Appellant's second assignment of error lacks merit.

{¶27} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.


{¶28} I concur with the majority's well-reasoned opinion. I write separately as this is a particularly disturbing case. The appellant, an intimate partner of the appellee, communicated to their minor child his intent to stab and kill appellee and then to kill himself. At the time, the parties shared a residence and appellant had the apparent present ability to carry out his threat. It is clear from the record that appellant was in danger of imminent and serious physical harm.

{¶29} The fact that the threat was recorded, but not discovered by appellee until two days later, is irrelevant to the trial court's finding that appellee was in danger of imminent serious physical harm. The fact remains that appellee *did* become aware of appellant's threat from the recording. This court has held that there is no requirement in the law that a threat be delivered directly from a potential aggressor to a potential victim.

*Kuhn v. Kuhn*, 11th Dist. Lake No. 2012-L-099, 2013-Ohio-5807, ¶32. Appellant claims that appellee could not have been in fear of imminent serious physical harm because she did not learn of the threat until two days later. The fact that appellee did not learn of the threat for two days is not required for a finding of domestic violence. Nor is it necessary in this case for appellee to demonstrate that her fear was reasonable. The presence of an actual and imminent threat is sufficient.

{¶30} Appellant's continued presence in the home, given his threat to commit murder-suicide, was more than sufficient evidence for the trial court to make a finding that appellee was in danger of imminent serious physical harm.