[Cite as *Patel v. Dharmadev 2, L.L.C.*, 2022-Ohio-3918.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MANISHA G. PATEL, ET AL.,      :

       Plaintiffs-Appellants,      :

                                            No. 111281

       v.      :

DHARMADEV 2 LLC, ET AL.,      :

       Defendants-Appellees.      :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 3, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-917732

*Appearances:*

Jeffrey F. Slavin, *for appellants*.

Mark J. VanRooy, *for appellee* Atulkumar G. Patel.

The Law Office of Jaye M. Schlachet, and Jaye M. Schlachet, *for appellee* Dhruvitaben Patel.

LISA B. FORBES, J.:

{¶ 1} Appellants, Manisha G. Patel and Ganshyam Patel (collectively "Plaintiffs"), argue the trial court erred when it granted a motion for a directed verdict in favor of appellees, Atulkumar G. Patel and Dhruvitaben A. Patel

(collectively "Defendants").  After reviewing the facts of the case and the pertinent law, we affirm.

## I.    Facts and Procedural History

{¶ 2}    In their amended complaint filed on June 17, 2021, Plaintiffs contend that they are part owners with Defendants of four LLCs that own and operate four Mr. Hero restaurants.  In the complaint, Plaintiffs brought claims for fraud, "breach of the duties of loyalty the duty of care and the obligation of good faith and fair dealing[,]" conversion, and accounting.  Plaintiffs claim that each of the Defendants have "inflated the expenses of [their Mr. Hero] store, diverted all profits for [their] own personal gain and essentially operated the store as [their] own personal ATM machine."

{¶ 3}    The matter proceeded to a bench trial on January 24, 2022.  At the close of the Plaintiffs' case, the Defendants moved to dismiss.  The trial court granted the motion and journalized an entry on January 25, 2022, stating,

> Pursuant to Civ.R. 41(B)(2), the court hereby dismisses the plaintiffs' claims on the ground that upon the facts and the law, they have shown no right to relief.  After evaluating the evidence presented, the court finds that plaintiffs have failed to meet their burden of proof on each claim in their amended complaint.  Accordingly, the court enters judgment in favor of the defendants.

It is from this order that Plaintiffs appeal.

## II.   Law and Analysis

{¶ 4}    Plaintiffs raise one assignment of error, arguing that "[t]he judgment of the trial court granting [Defendants'] motion for a directed verdict was an abuse of discretion."

{¶ 5} We note that the trial court did not grant a motion for directed verdict, but rather granted a motion for dismissal at the close of Plaintiffs' case pursuant to Civ.R. 41(B)(2).

{¶ 6} This court has recently set forth that the trial court's role in ruling on a Civ.R. 41(B)(2) motion to dismiss is

> "to weigh the evidence, resolve any conflicts therein, and render judgment for the defendant if the plaintiff has shown no right to relief." * * * Under Civ.R. 41(B)(2), the trial court does not view the evidence in the light move favorable to the plaintiff. * * * The trial court's only consideration in ruling on a motion for involuntary dismissal is "'whether [the] plaintiff has made out [her] case by a preponderance of the evidence.'"

*Holliday v. Calanni Enters.,* 2021-Ohio-2266, 175 N.E.3d 663, ¶ 18 (8th Dist.), quoting *Bank One, Dayton, N.A. v. Doughman*, 59 Ohio App.3d 60, 63, fn. 4, 571 N.E.2d 442 (1st Dist.1988); and *Pacher v. Invisible Fence of Dayton*, 154 Ohio App.3d 744, 2003-Ohio-5333, 798 N.E.2d 1121 ¶ 29 (2d Dist.), quoting *L.W. Shoemaker, M.D., Inc. v. Connor*, 81 Ohio App.3d 748, 752, 612 N.E.2d 369 (10th Dist.1992).

{¶ 7} The *Holliday* Court further held that a "reviewing court may set aside a trial court's decision under Civ.R. 41(B)(2) 'only if it is erroneous as a matter of law or against the manifest weight of the evidence.'" *Id.* at ¶ 19, quoting *Osborne, Inc. v. H&R Purchasing, Inc.,* 11th Dist. Lake No. 2003-L-051, 2004-Ohio-3503, ¶ 9.

{¶ 8} We decline to review Plaintiffs' arguments because they failed to cite any legal authority to support them. App.R. 16(A)(7) requires that an appellant include in his or her brief "[a]n argument containing the contentions of the appellant

with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." This court has held that when an "appellant fails to cite to any legal authority for her claims, [that] failure * * * allows this court to disregard her arguments." (Citations omitted.) *Pinkney v. Salett*, 8th Dist. Cuyahoga No. 96130, 2011-Ohio-4121, ¶ 3. "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028, 22 (May 6, 1998). *See also State v. Watson*, 126 Ohio App.3d 316, 321, 710 N.E.2d 340 (12th Dist.1998) (holding that "[i]t is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error. * * * 'An appellate court is not a performing bear, required to dance to each and every tune played on appeal.'"), quoting *State v. McGuire*, 12th Dist. Preble No. CA95-01-001, 1996 Ohio App. LEXIS 1492, 40 (Apr. 15, 1996), *aff'd*, 80 Ohio St.3d 390, 686 N.E.2d 1112 (1997), following *State v. Lorraine*, 11th Dist. Trumbull No. 95-T-5196, 1996 Ohio App. LEXIS 642, 9 (Feb. 23, 1996).

{¶ 9} Accordingly, Plaintiffs' sole assignment of error is overruled.

{¶ 10} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

ANITA LASTER MAYS, P.J., and
EMANUELLA D. GROVES, J., CONCUR