[Cite as *Patel v. Patel*, 2023-Ohio-618.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MANISHA G. PATEL, ET AL.,          :

    Plaintiffs-Appellants,          :

                                    No. 111938

v.          :

ATULKUMAR G. PATEL, ET AL.,          :

    Defendants-Appellees.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 2, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-960102

---

### *Appearances:*

Jeffrey F. Slavin, *for appellants*.

The Law Office of Jaye M. Schlachet and Jaye M. Schlachet, *for appellee* Dhruvitaben Patel; and Mark J. Vanrooy, *for appellee* Atul Patel.

ANITA LASTER MAYS, A.J.:

### INTRODUCTION

{¶ 1} Plaintiffs-appellants Manisha G. Patel a.k.a. Manishabahen G. Patel ("Manisha") and Gary Patel a.k.a. Ganshyam Patel ("Gary") requested that this

appeal be placed on our accelerated calendar under App.R. 11.1 and Loc.App.R. 11.1. By doing so, appellants have agreed that we may render a decision in "brief and conclusionary form" consistent with App.R. 11.1(E). *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983); App.R. 11.1(E).

{¶ 2} Appellants' appeal is from a Civ.R. 56 grant of summary judgment on the ground of res judicata in favor of defendants-appellees Atulkumar G. Patel a.k.a. Atul G. Patel ("Atul") and Dhruvitaben Patel a.k.a. Dhruvita A. Patel ("Dhruv"). We affirm the trial court's judgment.

{¶ 3} Appellants have filed multiple lawsuits over the past five years for disputes over ownership rights, profit entitlement, and mismanagement of three limited liability companies: Dharmadev LLC ("DLLC"), Dharmadev 1 LLC ("D1LLC"), and Dharmadev 2 LLC ("D2LLC"). Appellant Manisha and appellee Atul are each 50% member-owners of DLLC. Appellant Manisha is a 75% member-owner and appellee Atul is a 25% member-owner of D1LLC. Appellant Gary is a 25%-member owner, appellee Atul is a 25% member-owner, and appellee Dhruv a 50% member-owner of D2LLC. Appellants have alleged that during the time periods stated in the complaints, appellee Atul operated as the business manager of DLLC and D1LLC and appellee Dhruv operated as the business manager of D2LLC.

{¶ 4} Each limited liability company owns and operates a Mr. Hero's franchise restaurant. Appellees contend that the conduct of the business operations have been largely undocumented. No operating agreements, membership interest

ledgers, resolutions, officer elections, tax matters partner designations, or other governing documents were prepared when the businesses were formed or at any time thereafter.

{¶ 5} On March 5, 2018, appellants, DLLC, and D1LLC filed suit against appellees, D2LLC, and several other parties in *Manisha G. Patel, et al. v. Dharmadev 2 LLC, et al.*, Cuyahoga C.P. No. CV-18-893990 ("2018 Case"). As to the parties in the instant case, the suit generally involved claims of mismanagement for activities that began in January 2017. The case was voluntarily dismissed on April 11, 2019.

{¶ 6} The 2018 Case was refiled on July 3, 2019, in *Manisha G. Patel, et al. v. Dharmadev 2 LLC et al.*, Cuyahoga C.P. No. CV-19-917732, filed July 3, 2019 ("2019 Case"). As relates to the instant parties' respective interests, appellants stated that appellees failed to contribute to repayment of a March 15, 2015 business loan, provide an accounting, and make income and profit disbursements. Appellants also alleged that appellees inflated expenses, diverted profits for personal gain, and operated the businesses as personal ATM machines. The causes of action advanced were for fraud, breach of duties of loyalty, care, and the obligation of good faith and fair dealing, breach of contract and implied covenant of good faith, conversion, accounting, and a declaratory judgment regarding ownership interests.

{¶ 7} On May 3, 2021, appellants moved for leave to amend the complaint to include activities during 2015 and 2016. Appellees countered that the motion was untimely, not based on new information, and prejudicial to appellees. Also, that

discovery had been ongoing for three years, the parties had engaged in several settlement conferences and mediation, and a final pretrial was set for nine days after the motion for leave was filed. Appellees emphasized that appellants admitted in their motion for leave that "[appellants'] counsel does not claim that he only recently obtained information that led to [the request to] increase the duration of requested damages." On May 13, 2021, the trial court denied the motion.

{¶ 8} On July 17, 2021, the original complaint was amended to include only appellants and appellees. Appellants stated that appellees had acted as managers of the businesses since at least January 1, 2017. Appellants claimed that from January 1, 2017, forward appellees failed to contribute to repayment of a March 15, 2015 business loan, provide an accounting, and make income and profit disbursements. Appellants also alleged that appellees inflated expenses, diverted profits for personal gain, and operated the businesses as personal ATM machines.

{¶ 9} Appellants advanced the following causes of action: (1) fraud, (2) breach of the duty of loyalty, duty of care, and breach of the obligation of good faith and fair dealing, (3) conversion, and (4) for an accounting. Appellants prayed for compensatory and punitive damages, attorney fees, an accounting, costs, and any other relief deemed equitable.

{¶ 10} A bench trial proceeded on January 24, 2022. At the close of appellants' case, appellees moved to dismiss. The trial court granted dismissal under Civ.R. 41(B)(2) on the ground that appellants failed to meet the burden of proof on each claim "of the amended complaint" and entered judgment for

appellees.[1]  Appellants appealed in *Patel v. Dharmadev 2 LLC*, 8th Dist. Cuyahoga No. 111281, 2022-Ohio-3918.  Based on appellants' failure to cite legal authority to support their arguments pursuant to App.R. 16(A)(7), the trial court's judgment was affirmed.  *Id*. at ¶ 8.

{¶ 11}  The instant case was filed on March 1, 2022.[2]  Appellants claimed that appellees acted as managers of the businesses during 2015 and 2016.  During that period, appellees failed to contribute to a March 15, 2015 business loan repayment, provide an accounting, and make income and profit disbursements.  Appellees also allegedly inflated expenses, diverted profits for personal gain, and operated the businesses as personal ATM machines.

{¶ 12} Appellants advanced a single count for unjust enrichment that included a request for restitution, a judgment of at least $25,000 together with attorney fees and costs.  Appellants' prayer for relief was for compensatory damages, punitive damages, an accounting, costs, and any other relief deemed equitable.

---

[1] Under Civ.R. 41(B)(2), a trial court is not required to view the evidence in a light most favorable to the plaintiff.  The trial court's role is to weigh the evidence, resolve any evidentiary conflicts, and, if the plaintiff has failed to show under the facts and law a right to relief by a preponderance of the evidence, enter judgment in favor of the defendant.  *See Patel v. Dharmadev 2 LLC*, 8th Dist. Cuyahoga No. 111281, 2022-Ohio-3918, ¶ 6, citing *Holliday v. Calanni Ents.*, 2021-Ohio-2266, 175 N.E.3d 663, ¶ 18 (8th Dist.).

[2] When the trial court in the 2019 Case denied the May 2021 motion to amend the complaint to include the 2015 to 2016 period, appellants filed a complaint on May 30, 2021, in *Manisha G. Patel, et al. v. Atulkumar G. Patel, et al.,* Cuyahoga C.P. No. 21-948198 ("2021 Case").  The 2021 Case complaint essentially mirrored the proposed amended complaint in the 2019 Case except that the time periods for the acts complained of are for January 1, 2015, to at least December 31, 2016.  The trial court granted appellees' motion to dismiss the 2021 Case complaint without prejudice pursuant to Civ.R. 41(A) on February 28, 2022.

{¶ 13} The trial court ruled that the final judgment in the 2019 Case served as res judicata to bar the claims in the current matter.

> This matter is before the court on the August 24, 2022 motion for summary judgment of defendant Dhruvitaben Patel and the August 25, 2022 motion for summary judgement of defendant Atulkumar G. Patel. In construing the undisputed evidence in a light most favorable to the non-moving parties, plaintiffs Manisha and Gary Patel, the court finds there is no genuine issue of material fact and reasonable minds can only come to the conclusion that plaintiffs' claims against defendants in this matter are barred by the doctrine of res judicata. The final judgment reached on the merits in a bench trial in Case No. CV-19-917732 operates to bar the claims asserted in this matter by plaintiffs against defendants. Both actions involve the same exact parties, the claims asserted here in could have been litigated in Case No. 917732 (the first action); and, the claims in this action arise out of the transaction or occurrence that was the subject matter of the previous action. *See Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 84. Accordingly, judgment is entered in favor of defendants Dhruvitaben Patel and Atulkumar G. Patel on plaintiffs Manisha and Gary Patel's claims.

Journal entry No. 129276994 (Sept. 12, 2022).

{¶ 14} Under the doctrine of res judicata, "'[a] valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶ 12, quoting *Kelm v. Kelm*, 92 Ohio St.3d 223, 227, 749 N.E.2d 299 (2001).

{¶ 15} "'The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel).'" *Lycan v. Cleveland*, Slip Opinion No. 2022-Ohio-4676, ¶ 22, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d

226 (1995).  "Issue preclusion applies even if the causes of action differ."  *State ex rel. Peterson v. McClelland*, 8th Dist. Cuyahoga No. 103918, 2016-Ohio-1549, ¶ 11.

{¶ 16} The trial court relied on *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶84, for its res judicata determination.  *Portage* provides, "'[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'"  *Id.* at ¶ 84, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), at paragraph one of the syllabus.

{¶ 17} *Portage* further explains the required elements:

The Sixth Circuit Court of Appeals construed *Grava* as setting forth the following requirements for the issue-preclusion prong of res judicata: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action."

*Id.*, quoting *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

{¶ 18} "*Grava* further noted that 1 Restatement of the Law 2d, Judgments (1982), Comment b to Section 24 of the Restatement of Judgments, defined 'transaction' as a 'common nucleus of operative facts.'"  *Id.* at ¶ 84, quoting *Grava* at 382.  "Issue preclusion applies even if the causes of action differ."  (Citations omitted.)  *In re Ohio Power Co.*, 144 Ohio St.3d 1, 2015-Ohio-2056, 40 N.E.3d 1060,

¶ 40; *State ex rel. Peterson v. McClelland*, 8th Dist. Cuyahoga No. 103918, 2016-Ohio-1549, ¶ 11.

{¶ 19} The record reflects that viewing the evidence most strongly in favor of the nonmoving party, there are no genuine issues of material fact in this case and appellees were entitled to judgment as a matter of law based on the doctrine of res judicata. This court finds that a prior final valid decision was made on the merits in the 2019 Case, the current action involves the same parties, the second action could have been litigated in the first action, and the instant action arises from the same transaction or common nucleus of operative facts that was the subject matter of the previous action.

{¶ 20} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR